UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES MATHIEU,

            -against-                          23-CV-8663 (LTS)

TAMARA CAZI; COUNTY OF QUEENS,            ORDER

                     Defendants.

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      James Mathieu, who is appearing *pro se*, filed this action, which he styles as a motion or a notice of removal in which he seeks to remove to this court, under 28 U.S.C. § 1455, his criminal case pending in the Criminal Court of the City of New York, County of Queens. *See People v. Mathieu*, No. CR-025874-23QN. For the reasons set forth below, the action is remanded to the Criminal Court of the City of New York, County of Queens.

## STANDARD OF REVIEW

      To remove a state-court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

      If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4).

## BACKGROUND

      James Mathieu, the state court defendant, brings this notice of removal, which is captioned for the United States District Court for the Eastern District of New York. Mathieu lists

himself as Plaintiff and he lists Tamara Cazi, who appears to be the mother of his minor child, and the County of Queens as Defendants.[1]

Documents from Mathieu's criminal proceedings that he attaches to his filing indicate that, as a result of events occurring on or about September 1, 2023, in Queens County, and involving Cazi, Mathieu was charged with committing a criminal sexual act in the third degree, criminal contempt in the first degree, endangering the welfare of a child, and harassment in the second degree. (*See* ECF 1, at 8.) According to records maintained by the New York State Unified Court System, Mathieu was arraigned on September 4, 2023, and released on non-monetary conditions.[2]

Mathieu states that he seeks removal of his criminal case to federal court because his "counterclaims" involve questions of federal law, including (1) "[a]llegations of crimes punishable by imprisonment for more than 1 year"; (2) "[a]llegations of crimes violating federal statutes"; (3) "[a]llegations of crimes of child abuse; sexual assault, and rape"; (4) "[a]llegations of Crimes of International Terrorism"; (5) "[a]llegations of Crimes of Terrorism[ ]Crime victim[s]"; (6) "[m]andatory Restitution required by Federal Statutes"; and (7) alleged violations of 18 U.S.C. §§ 1512(h), 2338, and 1513(d). (*Id.* at 1.)

Plaintiff's submission also includes copies of emails sent to his criminal defense attorneys requesting that one of the attorneys "get an investigation started on [his] counter-claims

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that refers to a minor child may only do so by using the initials of the minor child's name. *See* Fed. R. Civ. P. 5.2(a)(3). The notice of removal filed in this action, however, reveals the name of a minor child. Accordingly, in an abundance of caution, the Court has directed the Clerk to Court to restrict electronic access to the notice of removal.

[2] *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited Oct. 4, 2023).

that [his] 5 year-old-son is being psycho-sexually abused" (*id.* at 3), and requesting that another attorney seek the arresting officer's bodycam footage (*id.* at 4-5).

Mathieu also submitted two documents described as "Affidavits" explaining why he believes his son's mother may have mistreated his son and describing the events surrounding his arrest and criminal court proceedings. (*See* ECF 3; ECF 4.)

## DISCUSSION

**A.  Removal of Pending Criminal Proceedings**

A defendant removing a criminal action to federal district court generally must file a notice of removal in "the district court of the United States for the district and division within which such prosecution is pending." 28 U.S.C. § 1544(a). "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." *Id.* § 1455(b)(3).

Here, Mathieu is being prosecuted in Queens County, New York, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).[3] The notice of removal thus was not filed in the district court of the district in which the prosecution is pending. *See* 28 U.S.C. § 1544(a). Because the notice of removal was not filed in the federal district court in which Mathieu is being prosecuted, the Court concludes that removal is not proper, and the action is remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

---

[3] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1455(4) to the Criminal Court of the City of New York, County of Queens. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated:   October 5, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge