UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MATHIEU,

                Plaintiff,

-against-

TAMARA CAZI; COUNTY OF QUEENS,

                Defendants.

23-CV-8663 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On October 2, 2023, Plaintiff James Mathieu, who is proceeding *pro se*, filed this action, seeking to remove to this court, under 28 U.S.C. § 1455, his criminal case pending in the Criminal County of the City of New York, County of Queens. By order dated October 5, 2023, the Court determined that the notice of removal was not filed in the district court of the district in which the prosecution was pending, *see* 28 U.S.C. § 1455(a), and therefore held that removal was improper and remanded the action to the state court, *see* 28 U.S.C. §§ 1447(c), 1455(b)(4). (ECF 8.)

On October 6, 2023, Mathieu filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 9.) On October 27, 2023, Mathieu filed a letter in this court asking the Court to "reopen" this action and "transfer" it to the United States District Court for the Eastern District of New York. (ECF 12, at 1.) Mathieu further asks the Court to "file all of its records to the E.D.N.Y. along with the Second Circuit appeal . . . and all of its records." (*Id.*)

As discussed below, the Court lacks jurisdiction to consider Mathieu's request.

## DISCUSSION

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." *See Carlsbad Tech., Inc. v. HIF Bio,*

*Inc.*, 556 U.S. 635, 637 (2009). The Supreme Court of the United States has construed Section 1447(d) to insulate from appellate review those remand orders based on the grounds specified in Section 1447(c): a defect in the removal procedure if the case was remanded within 30 days of the filing of the notice of removal, and a lack of subject matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994).

Section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (citation and internal quotation marks omitted); *see also Lalondriz v. USA Networks, Inc.*, 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999) (stating that under Section 1447(d), "a district court may not review [its remand order] on a motion for reconsideration"). Once the district court certifies a remand order to the state court, "it is divested of jurisdiction and can take no further action on the case." *Miles v. Miles*, No. 12-CV-4014 (JS), 2012 WL 3542319, at *1 (E.D.N.Y. Aug. 13, 2012) (citation and internal quotation marks omitted).

Here, the Court remanded this action based on a procedural defect, namely that Mathieu did not file the notice of removal in the federal district court within which his criminal prosecution was pending. Moreover, the Court issued its order remanding the case to state court within 30 days of the filing of the notice of removal.[1] This Court's reconsideration of its October 5, 2023 order is therefore barred by Section 1447(d)'s general prohibition on review of remand orders.

---

[1] Mathieu filed the notice of removal on October 2, 2023, and the Court issued its remand order on October 5, 2023. On that same day, the Clerk of Court mailed the remand order to the Criminal Court of the City of New York, County of Queens.

Section 1447(d) contains two exceptions that would allow a court to review a remand order, neither of which apply here. Section 1447(d) permits review of an "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title." 28 U.S.C. § 1447(d). Section 1442 allows for the removal of state criminal prosecutions against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Section 1443 allows for removal of criminal prosecutions commenced in state court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Removal under section 1443 requires a criminal defendant to satisfy a two-pronged test: First, "it must appear that the right allegedly denied the removal petitioner [in state court] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). Second, it must appear that the "defendant would be denied or cannot enforce the specified federal rights in the state court." *Id.* (quotation marks and citation omitted).

Because Plaintiff did not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office or that he could not enforce in the state court criminal proceedings a right to racial equality that is being denied him, his attempt to remove his state court criminal proceedings did not arise under Sections 1442 or 1443. The Court's reconsideration of its October 5, 2023 order is therefore barred under Section 1447(d).

Because this matter has already been remanded to the state court, the Court lacks jurisdiction to take any further action in this case.[2]

---

[2] The Court notes that Mathieu filed a notice of appeal of its remand order. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

## CONCLUSION

The Court lacks jurisdiction under 28 U.S.C. § 1447(d) to consider Mathieu's letter asking for reconsideration. (ECF 12.)

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 1, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because Mathieu's appeal from a non-reviewable remand order is improper for the same reasons this Court's review of the order is improper, the notice of appeal does not itself divest this Court of jurisdiction to consider Mathieu's motion. *See, e.g.*, *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y.2012) (the jurisdictional divestiture rule "does not apply where an appeal is frivolous[,][n]or does it apply to untimely or otherwise defective appeals" (citing *In re Chevron Corp.*, 749 F. Supp. 2d 170, 179 (S.D.N.Y.2010))); *Gortat v. Capala Bros., Inc.*, 07-CV-3629, 2008 WL 5273960, *1 (E.D.N.Y. Dec. 18, 2008) ("A district court may ignore an appeal from a non-appealable order and proceed to exercise jurisdiction over a case"); *Hoffenberg v. U.S.*, 00-CV-1686, 2004 WL 2338144, *2 (S.D.N.Y. Oct. 18, 2004) ("Where, however, a notice of appeal has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court.").